June N. Charroin v. Commissioner. A. B. Charroin v. Commissioner.
Charroin v. Commissioner
Docket Nos. 13808, 13809.
United States Tax Court
1949 Tax Ct. Memo LEXIS 196; 8 T.C.M. (CCH) 440; T.C.M. (RIA) 49104; May 6, 1949
Charles H. Borden, Esq., for the petitioners. R. E. Maiden, Jr., Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion These proceedings, consolidated for hearing, involve deficiencies in income and victory taxes for the taxable year 1943 for June N. Charroin in the amount of $6,986.17 and for A. B. Charroin in the amount of $6,985.54. The issues presented for decision are whether respondent's disallowance of $2,686.23 of total sales expenses and $2,836.07 of total purchases for the Charroin Manufacturing Company in 1943 was correct and whether respondent's determination that the partnership income tax return of the Charroin Manufacturing Company for 1943 overstated the value of the opening inventory of that company by the amount of $11,813.59 was correct. *197 Findings of Fact The petitioners, A. B. Charroin and June N. Charroin, are husband and wife residing in San Diego, California. As equal partners, they own and operate the Charroin Manufacturing Company, which manufactures various items of women's apparel. The petitioners filed separate individual income tax returns for themselves and partnership income tax returns for the Charroin Manufacturing Company, for 1942 and 1943, with the collector of internal revenue for the sixth district of California, at Los Angeles. June N. Charroin was in charge of sales for the partnership and made approximately 90 per cent of total sales of about $500,000 for the Charroin Manufacturing Company in 1943. She also introduced most of the ideas for the manufacture of new items by the firm in that year. In the performance of her duties, she traveled frequently to other cities, including Los Angeles, San Francisco, Seattle, and New York City, to contact possible buyers. June N. Charroin drew in cash whatever funds she deemed necessary from the bookkeeper of the partnership before leaving on her trips. She also wrote checks for expenses occasionally while away from San Diego. None of the moneys she *198 withdrew was ever returned to the partnership, and no explanation was ever made to the bookkeeper of how the money was spent. The bookkeeper always gave her whatever money she asked for and charged it to sales expense in the accounting records of the partnership. The bookkeeper maintained the accounting record of sales expense without actual knowledge of how much of the money was spent and without substantiating invoices for it. The accountant who audited the records merely checked the mathematical accuracy of entries without actually ascertaining whether the funds charged to sales expense were really expended for business purposes. The total amount charged to sales expense in 1943 was $13,296.57, which included traveling expenses, employees' welfare expenses, and other miscellaneous items. Respondent disallowed $2,686.83 of that amount on the ground that it was not substantiated. During 1943 the Charroin Manufacturing Company had difficulty in obtaining adequate supplies of merchandise for manufacture into its finished products. The petitioners and their employees often bought merchandise at retail through whatever sources of supply were available in addition to regularly used *199 wholesale sources. Purchases at retail were often made for cash, and invoices or receipts were not always obtained. However, all the merchandise charged to purchases in 1943 was actually received in the manufacturing plant of the Charroin Manufacturing Company and used in the manufacture of finished products. The total amount expended for purchases of merchandise by the partnership in 1943 and claimed in the return was $351,304.98. The respondent disallowed $2,836.07 of that amount on the ground that it was not substantiated. In the latter part of 1942 the petitioners decided to dissolve the Charroin Manufacturing Company within the first ninety days of 1943. This decision was due to the impending eviction of the partnership from the premises it then occupied and to expected difficulty in finding new quarters for continuing operations. Pursuant to this decision the annual profit and loss statement of the partnership on December 31, 1942, showed an "Income charge arising from shrinkage in value of material on hand as of December 31, 1942," of $11,813.59. In the partnership income tax return for 1942 the petitioners claimed a deduction for this amount in that year, which had the effect *200 of reducing the value of the closing inventory for 1942 by. $11,813.59 from $35,440.76 to $23,627.17. The explanation of this deduction given in the 1942 return was that the "Inventory on hand December 31, 1942 consisted mainly of spoiled and deteriorated raw material, goods in process and finished goods with an adjusted appraised value of $23,627.17" and that the material was no longer usable in the normal manufacturing way. The partnership return was prepared and signed by an accountant and signed by A. B. Charroin as a partner. The respondent accepted the explanation given in the return and allowed the deduction for inventory shrinkage as claimed. The petitioners succeeded in finding new quarters for the Charroin Manufacturing Company in 1943 and continued operations. The partnership income tax return filed for 1943 valued the opening inventory on hand January 1, 1943, at $35,440.76, the original, unadjusted value of the inventory. No account was taken of the reduction in value claimed in the final inventory for 1942. Respondent determined that the return for 1943 had overstated opening inventory on January 1, 1943, by the amount of $11,813.59, that amount having been written *201 off in the 1942 return. Opinion LEMIRE, Judge: The petitioners contend that respondent erred in his disallowance of sales expenses in 1943 in the amount of $2,686.83 for lack of substantiation. They produced evidence that the total amount of $13,296.57, including the amount disallowed by respondent, had been actually withdrawn from partnership funds and had been charged to sales expense in the accounting records of the partnership. By disallowing part of the sales expenses deducted by the petitioners, respondent placed the burden of proof upon them to prove that the total amount deducted as sales expense was actually expended as claimed. This they have failed to do. The petitioners have produced evidence only of what their accounting records show. There is no evidence as to how many trips were actually made for business purposes or how the money withdrawn for those trips was actually spent. Without evidence of how the money was actually spent, we have no way of knowing or even estimating what part, if any, of the amount disallowed by respondent is actually deductible as business expenses. We must sustain respondent's determination that $2,686.83 of the total sales expense claimed *202 by the petitioners in 1943 is not deductible as business expense. As to respondent's disallowance of $2,836.07 of total cost of purchases by the partnership in 1943, the evidence is that the total amount of $351,304.98 was actually expended for purchases in 1943, as claimed by the petitioners. The whole amount should have been allowed. It is true that many purchases were made for cash and that invoices and receipts to substantiate purchases were not always obtained. However, the merchandise was all, in fact, received in the plant and used by the Charroin Manufacturing Company in the manufacture of its products. We conclude that respondent erred in his disallowance of $2,836.07 of total purchases of merchandise made by the partnership in 1943. The respondent determined that the partnership income tax return for the Charroin Manufacturing Company for 1943 overstated the value of opening inventory by $11,813.59, the amount by which the inventory was marked down at the close of 1942. The petitioners contend that the action of their accountant in reducing the value of the closing inventory on December 31, 1942, was an unauthorized and improper attempt by him to reduce profits for *203 1942 by reducing the value of the closing inventory. The original return for the partnership for 1942 was prepared by its accountant in accordance with the profit and loss statement of the business for December 31, 1942. Full explanation was made in the return that the material on hand had deteriorated to the extent claimed. A. B. Charroin, who signed the return as a partner, testified that all statements made in the original return were true and correct. Respondent allowed the claimed deduction for shrinkage in closing inventory value in the 1942 return under his Regulations 111, section 29.22(c)-2, on the basis of the explanation made in the 1942 return. The purpose of inventory valuation is to reflect income as clearly as possible. It is well settled that the closing inventory of one year is the opening inventory of the next, and an adjustment must therefore have its effect upon both years. ; , certiorari denied, . There is no proof in the evidence of record that the adjustment in the 1942 closing inventory was not correctly made. The *204 petitioners, having claimed and received the benefit of the adjustment in that year, may not, in the absence of clear proof of error, change their position to claim a greater benefit in a subsequent year. Cf. , certiorari denied, . We think that respondent correctly determined that there was an overstatement of opening inventory for 1943 in the amount of $11,813.59. Decisions will be entered under Rule 50.